**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: _____

RANDELL BAISDEN, and MARIO PEREZ, individually and on behalf of all others similarly situated,

CLASS ACTION COMPLAINT

          Plaintiffs,

vs.

ALLIED AVIATION LLC; ALLIED AVIATION FUELING OF MIAMI, INC., and ALLIED AVIATION HOLDINGS, CORP.,

          Defendants.

_____/

**CLASS ACTION COMPLAINT**

      Plaintiffs, Randell Baisden and Mario Perez, individually and on behalf of all others similarly situated, bring this action against Allied Aviation LLC, Allied Aviation Fueling of Miami, Inc., and Allied Aviation Holdings, Corp. (hereinafter referred to individually by their respective names or collectively as the "Allied Companies") for negligently maintaining, managing and/or operating the fuel farm at the Miami International Airport. As alleged below, the Allied Companies' negligence in maintaining and/or operating the fuel farm located at Miami International Airport, resulted in a large fire that caused airlines operating out of the Miami International Airport to cancel many flights. American Airlines was one such airline that suffered cancellations. The cancellations resulted in Plaintiffs and the class from incurring out-of-pocket expenses. As grounds for his action, Plaintiffs alleges:

# THE PARTIES

**Plaintiffs**

1. Plaintiffs and the putative class they seek to represent are passengers of American Airlines who were scheduled to fly in or out of Miami International Airport between March 23-29, 2011, whose flights were cancelled as a result of the fire at the fuel farm, and consequentially incurred expenses for accommodations, meals and/or transportation including but not limited to rescheduling of flights, rail and ground transportation, as a result of the fire.

2. Plaintiff Randell Baisden is a Broward County resident, who was a ticketed passenger on an American Airlines flight scheduled to fly from New Orleans, Louisiana to Miami International Airport on March 25, 2011. As a result of the cancelation, Plaintiff Baisden was forced to incur the expense of an overnight stay at a hotel in New Orleans, Louisiana, and a charge for obtaining alternate airfare on another airline.

3. Plaintiff Mario Perez is a Broward County resident, who was a ticketed passenger on an American Airlines flight scheduled to fly from New Orleans, Louisiana to Miami International Airport on March 25, 2011. As a result of the cancelation, Plaintiff was forced to incur the expense of obtaining alternative airfare transportation to a different airport, namely Orlando, Florida, and the costs associated with driving to Ft. Lauderdale, Florida.

**Defendants**

4. The Allied Companies proclaim themselves to be the largest American domestically owned provider of fueling services to the commercial aviation industry.

5. Defendant Allied Aviation, LLC, is a Florida corporation with a principal address located at 4120 Higel Avenue, Sarasota, Florida 34242.

6. Defendant Allied Aviation Fueling of Miami, Inc., is a Florida corporation with a principal address located at Miami International Airport, 4450 NW 20th St., Bldg. 2050, Miami, FL 33122.

7. Defendant Allied Aviation Holdings Corporation is a Florida corporation with a principal address located at 4120 Higel Avenue, Sarasota, Florida 34242.

8. Upon information and belief, on March 23, 2011 and at all times material, Defendants maintained, managed and/or operated the fuel farm and/or engaged in fuel system management and operation services at the Miami International Airport.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action based on diversity jurisdiction, 28 U.S.C. § 1332(d).

10. Defendants at all times material to the allegations in this Complaint, personally or through an agent:

    a. operated, conducted, engaged in and carried on a business venture in the Southern District of Florida or had an office or agency in the Southern District of Florida; and/or

    b. engaged in substantial activity within this state and district; and/or

    c. the acts of the Defendants set out in this Complaint occurred in whole or in part in this Miami-Dade County, Florida, and within this district.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and, as

set forth in the preceding paragraph, Defendants are therefore subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

12. On or about March 23, 2011, a fire broke out at the fuel farm at Miami International Airport.

13. Upon information and belief, the cause of the fire was a mechanical failure at one of the fuel pumps, which caused a chain reaction that resulted in a substantial explosion and fire.

14. Upon information and belief, the mechanical failure was the result of Defendant's failure to properly maintain, manage and/or operate the fuel pump as it was contracted to do.

15. As a result of the explosion and fire, American Airlines cancelled over 100 flights.

16. As a result, thousands of passengers were stranded and incurred expense as a result.

17. For those passengers stranded, American Airlines applied their standard policy, which says that passengers are responsible for accommodations, meals and expenses if flights are delayed or cancelled because of an event outside of the airline's control.

18. Upon information and belief, the cancellations occurred from March 23 through March 29, 2011.

## CLASS ACTION ALLEGATIONS

19. Pursuant to Fed. R. Civ. P. 23(a)(1-4) and 23(b)(3), and S.D. Fla. L.R. 23.1, Plaintiffs bring this action on behalf of themselves and all others similarly situated (the "Class").

20. The Class is defined as follows:

    All American Airlines passengers who experienced one or more flight cancellations as a result of the explosion and fire of the fuel farm at Miami International Airport, and consequentially incurred expenses for accommodations,

meals and/or transportation, including but not limited to, rescheduling of flights, and/or scheduling and/or re-scheduling rail and/or ground transportation.

*Commonality*

21. There are questions of law and fact that are common to the claims of the Plaintiffs and the entire Class. Among these common questions are the following:

    a. Whether the Defendants were negligent in maintaining, managing and/or operating the fuel pumps at the fuel farm at Miami International Airport.

    b. Whether Defendants' negligent maintenance, managing and/or operation resulted in the explosion and fire that caused the flight cancellations.

    c. Whether Plaintiff Baisden, Plaintiff Perez and the class are entitled to be reimbursed their consequential expenses from the Defendant(s), as a result of the flight cancellations.

*Numerosity*

22. The members of the Class are so numerous and geographically dispersed throughout the United States and potentially abroad that joinder of all Class members is impracticable. The Class, upon information and belief, consists of thousands of passengers – estimated to be at least 10,000 - whose identities and payment information are maintained by American Airlines. The precise number of Class members can only be obtained through discovery. Plaintiffs do not anticipate any difficulties in the management of the action as a class action.

*Typicality*

23. Plaintiffs' claims are typical of claims of the Class in that each passenger within the defined class is claiming that they incurred expenses resulting from the cancellation of their flights due to the explosion and fire at the fuel farm at Miami International Airport.

24. The core issues which predominate over all other issues in the litigation involve Defendants' failure to properly maintain, manage and/or operate the fuel pumps at the fuel farm, which resulted in the explosion and fire and subsequent cancellations of the flights and passenger expense.

25. Upon information and belief, there has never been a prior lawsuit certified as a class on behalf of Plaintiffs.

*Adequacy of Representation*

26. Plaintiffs are adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiffs represent the Class as a whole, as American Airlines passengers who incurred consequential expense as a result of the explosion and fire at the fuel farm. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel, experienced in litigation of this nature, to represent them. There is no hostility between Plaintiffs and the unnamed Class members. Plaintiffs anticipate no difficulty in the management of this litigation as a Class action.

27. To prosecute this case, Plaintiffs have chosen the law firm of Brill Rinaldi Garcia who has experience in handling class action litigation. The firm has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

*Requirements of Fed. R. Civ. P. 23(b)(3)*

i. *Predominance*

28. The questions of law or fact common to the claims of the Plaintiffs and each Class member predominate over any questions of law or fact affecting only individual members of the Class. In fact, it is difficult to even perceive of the existence of any genuine

     material question of law or fact in this matter arguing against class certification, as all claims by the named Plaintiffs and unnamed Class members are based on the same alleged failure to properly maintain and/or operate the fuel pump which resulted in a fire and flight cancellations.

29. Common issues predominate when, as here, liability can be determined on a class-wide basis, even when there are some individualized damages.

30. As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the class, as in the case at bar, common questions are held to predominate over individual questions.

31. Since all claims by named Plaintiffs and unnamed Class members are based on the same alleged "across the board" failure, the predominance requirement of Fed. R. Civ. P. 23(b) is satisfied.

   *ii. Superiority*

32. A class action is superior to thousands of individual actions in part because of the non-exhaustive factors listed below:

  a. Joinder of all class members would create extreme hardship and inconvenience for the affected passengers because of their geographical dispersion throughout the United States, if not the world.

  b. It is highly unlikely that individual plaintiffs would bring separate actions.

  c. There are no known individual plaintiffs who are interesting in individually controlling the prosecution of separate actions.

  d. The interests of justice will be well served by resolving the common disputes of potential class members in one forum.

  e. Individual suits would not be cost effective, considering the relatively small out-of-pocket expense suffered versus the costs of retaining counsel and costs associated with litigation.

    f.   The action is manageable as a class action; individual lawsuits are not economically maintainable as individual actions.

## COUNT I
## NEGLIGENCE AS TO ALLIED AVIATION, LLC

Plaintiffs re-allege the allegations contained in paragraphs 1-32, and further allege as follows:

33. Defendant Allied Aviation, LLC, as the maintainer, manager and/or operator of the fuel farm at the Miami International Airport, had a duty to maintain, manage and/or operate the fuel pumps at the Miami International Airport.

34. Defendant Allied Aviation, LLC, however, breached this duty by failing to properly maintain, manage and/or operate the fuel pumps at the fuel farm resulting in an explosion and fire at the fuel farm.

35. The explosion resulted in flight cancelations due to the fire and/or the inability to fuel the airplanes.

36. As a direct and proximate cause of the explosion, Plaintiffs Baisden and Perez and the proposed class experienced flight cancellations and consequentially incurred expenses for accommodations, meals and/or transportation including but not limited to rescheduling of flights, rail and ground transportation.

**WHEREFORE**, the Plaintiff Baisden and Perez respectfully request this Court to certify this action as a class action under Federal Rule of Civil Procedure 23 and demand judgment against Defendant Allied Aviation, LLC for compensatory damages; prejudgment interest and attorney's fees and court costs to the extent permitted by law; and any other relief that this Court deems proper, and demand a jury trial of all issues so triable.

## COUNT II
## NEGLIGENCE AS TO ALLIED AVIATION FUELING OF MIAMI, INC.

Plaintiffs re-allege the allegations contained in paragraphs 1-32, and further allege as follows:

37. Defendant Allied Aviation Fueling of Miami, Inc., as the maintainer, manager and/or operator of the fuel farm at the Miami International Airport, had a duty to maintain, manage and/or operate the fuel pumps at the Miami International Airport.

38. Defendant Allied Aviation Fueling of Miami, Inc., however, breached this duty by failing to properly maintain, manage and/or operate the fuel pumps at the fuel farm resulting in an explosion and fire at the fuel farm.

39. The explosion resulted in flight cancelations due to the fire and/or the inability to fuel the airplanes.

40. As a direct and proximate cause of the explosion, Plaintiffs Baisden and Perez and the proposed class experienced flight cancellations and consequentially incurred expenses for accommodations, meals and/or transportation including but not limited to rescheduling of flights, rail and ground transportation.

**WHEREFORE**, the Plaintiff Baisden and Perez respectfully request this Court to certify this action as a class action under Federal Rule of Civil Procedure 23 and demand judgment against Defendant Allied Aviation Fueling of Miami, Inc. for compensatory damages; prejudgment interest, and attorney's fees and court costs to the extent permitted by law; and any other relief that this Court deems proper, and demand a jury trial of all issues so triable.

## COUNT III
## NEGLIGENCE AS TO ALLIED AVIATION HOLDINGS CORPORATION

Plaintiffs re-allege the allegations contained in paragraphs 1-32, and further allege as follows:

41. Defendant Allied Aviation Holdings, Corp., as the maintainer, manager and/or operator of the fuel farm at the Miami International Airport, had a duty to maintain, manage and/or operate the fuel pumps at the Miami International Airport.

42. Defendant Allied Aviation Holdings, Corp., however, breached this duty by failing to properly maintain, manage and/or operate the fuel pumps at the fuel farm resulting in an explosion and fire at the fuel farm.

43. The explosion resulted in flight cancelations due to the fire and/or the inability to fuel the airplanes.

44. As a direct and proximate cause of the explosion, Plaintiffs Baisden and Perez and the proposed class experienced flight cancellations and consequentially incurred expenses for accommodations, meals and/or transportation including but not limited to rescheduling of flights, rail and ground transportation.

**WHEREFORE**, the Plaintiff Baisden and Perez respectfully request this Court to certify this action as a class action under Federal Rule of Civil Procedure 23 and demand judgment against Defendant Allied Aviation Holdings, Corp., for compensatory damages; prejudgment interest, and attorney's fees and court costs to the extent permitted by law; and any other relief that this Court deems proper, and demand a jury trial of all issues so triable.

## COUNT IV
## STRICT LIABILITY AS TO ALLIED AVIATION, LLC

Plaintiffs re-allege the allegations contained in paragraphs 1-32, and further allege as follows:

45. Defendant Allied Aviation, LLC was at the time of the explosion, the maintainer, manager and/or operator of the fuel farm at the Miami International Airport.

46. Defendant Allied Aviation, LLC knew or should have known that the activity or activities it performed, namely the maintenance, management and/or operation of the fuel farm, was/were ultra-hazardous in that it or they involved a high degree of risk of business interruption, damage to property, personal injury and/or death.

47. Despite the above knowledge, Allied Aviation, LLC failed to properly maintain, manage and/or operate the fuel pumps at the fuel farm resulting in an explosion and fire at the fuel farm.

48. The explosion resulted in flight cancelations due to the fire and/or the inability to fuel the airplanes.

49. At all times material hereto, the Defendant Allied Aviation, LLC is strictly liable for Plaintiffs' damages resulting from the explosion at the fuel farm and the Defendant, due to its strict liability, is responsible for all damages sustained to Plaintiffs and the Class, which includes any and all consequentially incurred expenses for accommodations, meals and/or transportation including but not limited to rescheduling of flights, rail and ground transportation.

**WHEREFORE**, the Plaintiff Baisden and Perez respectfully request this Court to certify this action as a class action under Federal Rule of Civil Procedure 23 and demand judgment against Defendant Allied Aviation, LLC for compensatory damages; prejudgment interest, and

attorney's fees and court costs to the extent permitted by law; and any other relief that this Court deems proper, and demand a jury trial of all issues so triable.

## COUNT V
## STRICT LIABILITY AS TO ALLIED AVIATION FUELING OF MIAMI, INC.

Plaintiffs re-allege the allegations contained in paragraphs 1-32, and further allege as follows:

50. Defendant Allied Aviation Fueling of Miami, Inc., was at the time of the explosion, the maintainer, manager and/or operator of the fuel farm at the Miami International Airport.

51. Defendant Allied Aviation Fueling of Miami, Inc., knew or should have known that the activity or activities it performed, namely the maintenance, management and/or operation of the fuel farm, was/were ultra-hazardous in that it or they involved a high degree of risk of business interruption, damage to property, personal injury and/or death.

52. Despite the above knowledge, Allied Aviation Fueling of Miami, Inc., failed to properly maintain, manage and/or operate the fuel pumps at the fuel farm resulting in an explosion and fire at the fuel farm.

53. The explosion resulted in flight cancelations due to the fire and/or the inability to fuel the airplanes.

54. At all times material hereto, the Defendant Allied Aviation Fueling of Miami, Inc., is strictly liable for Plaintiffs' damages resulting from the explosion at the fuel farm and the Defendant, due to its strict liability, is responsible for all damages sustained to Plaintiffs and the Class, which includes any and all consequentially incurred expenses for accommodations, meals and/or transportation including but not limited to rescheduling of flights, rail and ground transportation.

**WHEREFORE**, the Plaintiff Baisden and Perez respectfully request this Court to certify this action as a class action under Federal Rule of Civil Procedure 23 and demand judgment against Defendant Allied Aviation Fueling of Miami, Inc., for compensatory damages; prejudgment interest, and attorney's fees and court costs to the extent permitted by law; and any other relief that this Court deems proper, and demand a jury trial of all issues so triable.

## COUNT VI
## STRICT LIABILITY AS TO ALLIED AVIATION HOLDINGS CORPORATION

Plaintiffs re-allege the allegations contained in paragraphs 1-32, and further allege as follows:

55. Defendant Allied Aviation Holdings, Corp., was at the time of the explosion, the maintainer, manager and/or operator of the fuel farm at the Miami International Airport.

56. Defendant Allied Aviation Holdings, Corp., knew or should have known that the activity or activities it performed, namely the maintenance, management and/or operation of the fuel farm, was/were ultra-hazardous in that it or they involved a high degree of risk of business interruption, damage to property, personal injury and/or death.

57. Despite the above knowledge, Allied Aviation Holdings, Corp., failed to properly maintain, manage and/or operate the fuel pumps at the fuel farm resulting in an explosion and fire at the fuel farm.

58. The explosion resulted in flight cancelations due to the fire and/or the inability to fuel the airplanes.

59. At all times material hereto, the Defendant Allied Aviation Holdings, Corp., is strictly liable for Plaintiffs' damages resulting from the explosion at the fuel farm and the Defendant, due to its strict liability, is responsible for all damages sustained to Plaintiffs and the Class, which includes any and all consequentially incurred expenses for

accommodations, meals and/or transportation including but not limited to rescheduling of flights, rail and ground transportation.

**WHEREFORE**, the Plaintiff Baisden and Perez respectfully request this Court to certify this action as a class action under Federal Rule of Civil Procedure 23 and demand judgment against Defendant Allied Aviation Holdings, Corp., for compensatory damages; prejudgment interest, and attorney's fees and court costs to the extent permitted by law; and any other relief that this Court deems proper, and demand a jury trial of all issues so triable.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of the Class, respectfully requests that this Court:

a) Certify this action as a class action under Federal Rule of Civil Procedure 23.

b) Declare that the Defendants were negligent in maintaining and/or operating the fuel pumps at the fuel farm at Miami International Airport.

c) Declare that the Defendants were strictly liable for damages to Plaintiffs and the Class for its negligence in carrying out its ultra-hazardous activities.

d) Declare that the Defendants' negligence resulted in the explosion and/or fire at the Miami International Airport.

e) Declare that the explosion and/or fire caused the cancellations at the Miami International Airport.

f) Award Plaintiffs and the Class damages for the costs incurred in rescheduling airfare, obtaining hotel accommodations, ground transportation and/or food expenses.

g) Award Plaintiffs and the Class their attorneys' fees, costs and expenses.

h) Award Plaintiffs and the Class such further relief as is appropriate in the interests of justice.

## DEMAND FOR JURY TRIAL

Plaintiffs requests a jury trial on any and all counts for which a trial by jury is permitted.

Respectfully submitted this 10th day of September, 2013,

**BRILL RINALDI GARCIA, THE LAW FIRM**
*Attorneys for the Plaintiff*
17150 Royal Palm Blvd, Suite 2
Weston, FL 33326
Telephone No.: (954) 876-4344
Facsimile No.:  (954) 384-6226

*s/ David W. Brill*
David W. Brill, Esq.
David@brglawfirm.com
Florida Bar No.:959560
Joseph J. Rinaldi, Jr., Esq.
Joe@brglawfirm.com
Florida Bar No.: 0581941
Juan M. Garcia, Jr., Esq.
Juan@brglawfirm.com
Florida Bar No.: 15258